NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL-HAQQ SALAAM, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 04-CV-1617 (DMC) |
| DEVON BROWN, ROY L. : | |
| HENDRICKS, and PETER C. HARVEY, : | |
| : | |
| Respondents. : | |

      This matter comes before the Court upon motion by Petitioner Abdul-Haqq Salaam ("Petitioner") to expand the record and for leave to conduct discovery. Respondents Devon Brown, Roy L. Hendricks, and Peter C. Harvey ("Respondents") oppose Petitioner's motion for leave to conduct discovery.

      Petitioner, an inmate housed at the New Jersey State Prison, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of a 1997 conviction in the Superior Court of New Jersey, Law Division, Essex County, for armed robbery and possession of an imitation firearm for an unlawful purpose. For the following reasons, Petitioner's motion to expand the record is granted, and his motion to conduct discovery is denied.

**I. Petitioner's Motion to Expand the Record**

      Petitioner seeks an expansion of the record to include three documents: 1) a grand jury transcript dated April 25, 1996; 2) the statement of witness named Ms. Lumpkin given November 23, 1995; and 3) the police report of East Orange Police Officer Kim Johnson dated

November 23, 1995.  (See Def. Traverse Brief ("DTB")17-20).  Petitioner has provided copies of these documents in the appendix submitted with his moving papers.

A District Court judge "may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition."  Rule 7(a), 28 U.S.C. § 2254.  The rule further provides that the applicant should submit copies of the "letters, documents, exhibits, and affidavits proposed to be included."  Rule 7(c), 28 U.S.C. § 2254.  In the interest of ensuring that the record is complete and contains all relevant information, the Court will grant Petitioner's motion to expand the record.

**II. Petitioner's Motion for Leave to Conduct Discovery**

Petitioner seeks motion for leave to conduct discovery under Rule 6, 28 U.S.C. § 2254.  Petitioner asks the Court to order the discovery of 911 recordings of certain conversations and "additional 911 records, logs, and any other information that would serve to identify and document the occurrence of these emergency calls." (DTB 24).  In addition, Petitioner seeks tape recordings of conversations between the East Orange Police Department dispatcher and the arresting officers and documents that evidence the written recording and logging of the relevant radio transmissions.  Id.

A District Court has discretion to grant discovery in habeas corpus proceedings for "good cause" shown. See Rule 6, 28 U.S.C. § 2254.  "Good cause" is demonstrated when a petitioner establishes a prima facie claim for relief, and a petitioner's claims are specific, not merely speculative or conclusory.  Murphy v. Johnson, 205 F.3d 809 (5th Cir.2000).  In order to establish "good cause," a petitioner must "point to specific evidence that might be discovered that would support a constitutional claim."  Marshall v. Hendricks, 103 F.Supp.2d 749, 760 (D.N.J.2000), rev'd in part on other grounds,307 F.3d 36 (3d Cir.2002)(citing Deputy v. Taylor,

19 F.3d 1485, 1493 (3d Cir.1994).

      Respondents assert that Petitioner can not demonstrate ineffective assistance of counsel or any violation of his constitutional rights by the use of this information.  The Court agrees with the reasoning set forth by Respondents in their opposition.  As such, the Court concludes that Petitioner has not demonstrated good cause for his discovery request. Accordingly, the Court must deny Petitioner's motion for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Proceedings, 28 U.S.C. § 2254.

### III. Conclusion

      For the reasons stated, the Court finds that Petitioner's motion to expand the record is **granted**, and Petitioner's motion for leave to conduct discovery is **denied**.  An appropriate Order accompanies this Opinion.


        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:      December 19, 2005
Original:  Clerk's Office
cc:        All Counsel of Record
           File